IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 08 2019

David J. Bradley, Clerk of Court

ADAM WAYNE WALKER, Pro se
 TDCJ #1897234
 O.L. Luther Unit
    Plaintiff


    V.


LORIE DAVIS
 is the Texas Department of
 Criminal Justice - Correctional
 Institutions Division
 Director                              CIVIL ACTION No _____


ZULEMA CALDERON
 TDCJ - Sergeant


JACQUELINE BROWN
 TDCJ - Captain


JAMES LINDER Jr.
 TDCJ - Sergeant


DONALD MUNIZ
 TDCJ - Warden

1.

GINA D. QUAST
   TDCJ - Contract Employee
   Counsel Substitute

   Defendants

# COMPLAINT

1. Jury Trial Demanded

2. This action arises under Title 42 U.S.C.A. Code Section 1983, 1985 and 1988 and;

3. The United States Constitution First, Fourth and Fourteeth Amendments and;

4. The Texas State Constitution First Article Sections 19 and 27 and;

5. V.T.C.A Texas Civil Practice and Remedies Codes Chapters 27 and 101 and;

6. Federal and Texas State Common Laws

# JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28

2.

U.S.C. Section 1331 (Federal Question), Section 1343 (Civil Rights), Section 1367 (Supplemental jurisdiction) and Section 2201 (Declaratory Judgment Act)

8. Venue is proper in this Court, pursuant to 28 U.S.C. Section 1391 (b) (1), (c) (1), because all of the acts and omissions complained of occurred within this judicial district of Navasota, Texas which is in Grimes County Texas.

## PARTIES

A. Plaintiff

9. Adam Wayne Walker TDCJ #1897234 is incarcerated at the O.L. Luther Unit, 1800 Luther Drive in Navasota, Texas 77868, is at all times hereafter is identified as Plaintiff

10. Plaintiff has exhausted all sets of the institutional grievance procedures. Grievance #2018181007

11. Plaintiff has not filed any law suits in state or federal court, Prison Litigation Reform Act.

B. Defendants'

12. Lorie Davis is the Texas Department of Criminal Justice-Correctional Institutions Division, Director. P.O. Box 99, Huntsville, Texas 77342, at all times hereafter is identified as Dir. Davis

13. Dir. Davis is being sued in her official capacity for declaratory and injunction

14. Zulema Calderon is a Texas Department of Criminal Justice-Correctional Institution Division, Sergeant at the O.L. Luther Unit, 1800 Luther Drive, Navasota, Texas 77868, at all times hereafter is identified as Sgt. Calderon

15. Sgt. Calderon is being sued in her individual capacity.

16. Jacqueline Brown is a Texas Department of Criminal Justice-Correctional Institution Division, Captain at the O.L. Luther Unit, 1800 Luther Drive, Navasota Texas 77868, at all times hereafter is identified as Capt. Brown

17. Capt. Brown is being sued in her individual capacity.

18. James Linder Jr. is a Texas Department of Criminal Justice-Correctional Institution Division, Sergeant at the O.L. Luther Unit, 1800 Luther Drive, Navasota Texas 77868, at all times hereafter is identified as Sgt. Linder

19. Sgt. Linder is being sued in his individual capacity.

20. Donald Muniz is a Texas Department of Criminal Justice - Correctional Institution Division, Warden at the O.L. Luther Unit, 1800 Luther Drive, Navasota Texas 77868, at all times

hereafter is identified as Warden Muniz

21. Warden Muniz is being sued in his individual capacity

22. Gina D. Quast is a Texas Department of Criminal Justic-Correctional Institution Division, non-uniform employee Counsel Substitute representative advocate for offenders in disciplinary hearings at the O.L. Luther Unit, 1800 Luther Drive, Navasota Texas 77868, at all times hereafter is identified as Ms. Quast

23. Ms. Quast is being sued in her individual capacity.

24. At all times mentioned herein, each of the defendants was an agent and or employee of the Texas Department of Criminal Justice and was acting within the course and scope of said department and or employment.

25. At all times mentioned herein, all defendants were acting under color of law

26. The Texas Department of Criminal Justice, at all times hereafter is identified as TDCJ

27A.     FIRST CAUSE OF ACTION
         AGAINST DEFENDANT
         ZULEMA CALDERON
         FOR VIOLATING THE
         PLAINTIFF'S RIGHTS TO
         REDRESS THE GOVERNMENT
         OF GRIEVANCES
         (FIRST AMENDMENT)

27. On July 27, 2018 at about 6:00pm Defendant Sgt. Calderon
Knowingly, willfully and intentionally motivated by
malicious intent of retaliation against Plaintiff

28. for participating and exercising his protected
United States First Amendment and Texas State First
Article section Twenty-Seven constitutional rights

29. to redress the government of grievances. For Plaintiffs
many complaints and grievances

30. Did in fact handcuff and place Plaintiff in to solitaire
confinement for having made another complaint

31. The actions of Sgt. Calderon were reckless and grossly negligent
and legally caused Plaintiff damages according to proof at
trial.

32. The actions of Sgt. Calderon were motivated by evil motive or intent and involved reckless and callous indifference to the federal and states protected rights of others entitling Plaintiff to punitive damages.

33.  SECOND CAUSE OF ACTION AGAINST DEFENDANT ZULEMA CALDERON FOR VIOLATING THE PLAINTIFF'S RIGHTS TO BE SECURE IN HIS PERSON FROM UNREASONABLE SEIZURE AND HIS RIGHTS NOT TO BE DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW.

34. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point

35. On July 27, 2018 at about 6:00pm Defendant Sgt. Calderon knowingly, willfully and intentionally motivated by malicious intent of retaliation Did in fact handcuff and place Plaintiff in to solitaire confinement.

36. The foregoing violated plaintiff's rights under the United States Constitution Fourth Amendment to be secure in his person from unreasonable seizures and his United

37. States Constitution Fourteenth Amendment right not to be deprived of his liberty without due process of law.

38. The actions of Sgt. Calderon were reckless and grossly negligent and legally caused Plaintiff damages according to proof at trial

39. The actions of Sgt. Calderon were motivated by evil motive or intent and involved reckless and callous indifference to the federally protected rights of others entitling Plaintiff to punitive damages

40. As a direct and legal result of the First Cause of Action and the Second Cause of Action foregoing, Plaintiff sustained great mental and emotional pain and suffering the effects of humiliation, all to his general damages in sum which will be proven at trial.

41.     THIRD CAUSE OF ACTION
        AGAINST DEFENDANT
        ZULEME CALDERON
        FOR VIOLATING PLAINTIFF'S
        BY FRAUD
        (COMMON LAW)

42. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

43. On July 27, 2018 Defendant Sgt. Calderon knowingly, willfully and intentionally, motivated by malicious intent

44. did in fact prepared and filed a false disciplinary report (I-210 form) and falsified accounts of the encounter with Plaintiff

45. in order to deceptively disguise her (Sgt. Calderon) action of handcuffing and placing Plaintiff in to solitaire confinement as being justified and

46. to gratify her self, of furthing the harm to Plaintiffs' deprivation of liberties and privileges.

47. The actions of Sgt. Calderon were reckless and grossly negligent and legally caused plaintiff damages according to proof at trial.

48. The actions of Sgt. Calderon were motivated by evil motive or intent entitling Plaintiff to punitive damages

49. As a direct and legal result of the foregoing, Plaintiff sustained great mental and emotional pain and suffering the effects of humiliation, all to his general damages in sum which will be proven at trial.

50. FOURTH CAUSE OF ACTION
AGAINST DEFENDANT
JAMES LINDER JR.
FOR VIOLATING PLAINTIFF'S RIGHTS
NOT TO BE DEPRIVED OF HIS LIBERTY
WITHOUT DUE PROCESS OF LAW

51. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

52. On July 28, 2018 at about 1:30 Am Plaintiff made several request to obtain but not limited to several eye witness statements and two register log books and or records

53. to Sgt. Linder, who was preparing/performing the Preliminary Investigation Report (I-210 Form) of the accounts on the incident between Plaintiff and Sgt. Calderon.

54. No such eye witness statements and no such register log books and or records were ever obtain, despite Plaintiffs numerous requests and entitlement thereto

55. Plaintiff is informed and believes and on such ground alleges that Sgt. Linder recklessly and or intentionally and with malicious intent prepared a incomplete and falsified accounts in his Preliminary Investigation Report (I-210 form) of the above said incident

11.

56. Plaintiff is informed and believes and on such ground alleges that defendants Sgt. Calderon and Sgt. Linder, well-knowing that the accounts and reports were incomplete and false, together

57. conspired and agreed not to obtain Plaintiffs above said requests for several eye-witness statements and two regrster log books and or records.

58. Plaintiff is informed and believes and on such grounds alleges that Sgt. Calderon and Sgt. Linder, knowing such accounts and reports were incomplete and false, nevertheless

59. conspired together and agreed to supply and did in fact supply them to be review by the grading official TDCJ Major Alonzo Hammond Jr

60. Major Hammond, in reliance upon the above said incomplete and false accounts and reports, did in fact filed formal disciplinary charges of violating TDCJ statutory rules, offense code 24.0 Refusing or failing to obey orders and offense code 23.0 Creating a disturbance against Plaintiff

61. in disciplinary case No. 20180311023. Defendants acted with the malicious intent to prevent Plaintiff from having a fair disciplinary hearing that embodies constitutional and statutory standards.

62. If complete and true accounts and reports had been supplied to the grading official Major Hammond, no disciplinary charges would have been filed against Plaintiff.

63. Sgt. Linder had a fiduciary, statutory and ministerial duty to Plaintiff to obtain Plaintiffs requested exculpatory eye-witness statements and two register log books and or records

64. FIFTH CAUSE OF ACTION
     AGAINST DEFENDANT
     DONALD MUNIZ
     FOR VIOLATING PLAINTIFF'S RIGHTS
     NOT TO BE DEPRIVED OF HIS LIBERTY
     WITHOUT DUE PROCESS OF LAW.

65. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

66. On or about July 29, 2018 Plaintiff informed Warden Muniz of the accounts of July 27, 2018 and

67. about Sgt. Linder refusing Plaintiffs request to obtain exculpatory eye-witness statements and exculpatory register log books and or records

68. Furthermore, Plaintiff made a request to Warden Muniz to investigate the accounts of July 27, 2018 and to obtain but not limited to exculpatory eye-witness statements and two exculpatory register log books and or records.

69. No such exculpatory eye-witness statements and no such two exculpatory register log books and or records were ever obtain and no such investigation took place, despite Plaintiff's requests and entitlement thereto

70. If complete and true accounts and reports had been supplied to the grading official, Major Hammond, no disciplinary charges would have been filed against Plaintiff.

71. Warden Muniz had a fiduciary, statutory and ministerial duty to Plaintiffs request to obtain but not limited to exculpatory eye-witness statements and two register log books and or records, and to investigate the accounts of July 27, 2018

72. On August 7, 2018 Plaintiff filed a I-127 form (grievance) which contain the accounts of July 27, 2018 incident with Sgt. Calderon, for Warden Muniz to review and investigate the above said July 27, 2018 incident.

14.

73. The above said I-127 form (grievance) #2018181007 was return to Plaintiff on October 23, 2018 with Warden Muniz response. Which was preposterous to the facts and issues

74. On July 13, 2018 Plaintiff filed a grievance #2018166341 against Warden Muniz, for an unrelated issue to this cause

75. On July 17, 2018 Plaintiff filed a grievance #2018159397 against Warden Muniz, for a lateral issue to this cause

76. Plaintiff has filed about seventy official complaints (grievances) while being incarcerated at the O.L. Luther Unit in Navasota, Texas

77. Plaintiff is informed and believes and on such ground alleges that Warden Muniz recklessly and/or intentionally and with malicious intent prepared a false report response in the I-127 form (grievance) report

78. Plaintiff is informed and believes and on such grounds that defendants Sgt. Calderon, Sgt. Linder and Warden Muniz, well-knowing that the accounts and reports incomplete and false,

79. together conspired and agreed not to obtain Plaintiffs above said request for ~~se~~ but not limited to several exculpatory eye-witness statements and two exculpatory register log books and/or records.

15.

80. Plaintiff is informed and believes and on such grounds alleges that Sgt. Calderon and Sgt. Linder and Warden Muniz, knowing such accounts and reports were incomplete and false, nevertheless

81. conspired together and agreed to supply and did in fact supply them to be review by the grading official TDCJ Major Hammond JR.

82. Major Hammond, in reliance upon the above said incomplete and false accounts and reports, did in fact filed formal disciplinary charges against Plaintiff for violating TDCJ statutory rules, offense code 24.0 Refusing or Failing to obey orders and offense code 23.0 Creating a disturbance

83. in disciplinary case No. 20180311023. Defendants acted with the malicious intent to prevent Plaintiff from having a fair disciplinary hearing that embodies constitutional and statutory standards.

84. The actions of Sgt. Calderon and Sgt. Linder and Warden Muniz were reckless and grossly negligent and legally plaintiff damages according to proof at trial.

85. The actions of Sgt. Calderon and Sgt. Linder and Warden Muniz were motivated by evil motive or intent and involved reckless and callous indifference to the Federally protected rights of others entitling plaintiff to punitive damages.

16.

86. SIXTH CAUSE OF ACTION
    AGAINST DEFENDANT
    DONALD MUNIZ
    FOR VIOLATING THE PLAINTIFF'S RIGHTS TO
    REDRESS THE GOVERMENT OF GRIEVANCES
    (FIRST AMENDMENT)

87. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

88. On August 1, 2018 Plaintiff made a request for the I-188 and I-169 and I-169A forms to O.L. Luther Units records Ms. Williams.

89. These above said records are the TDCJ's mandatory records kept for each offender placed in confinement

90. Theses above said records and or forms include but not limited to the date and time the offender was placed in confinement; the

91. criterion used and a brief reason for the confinement; the

92. name of the TDCJ official authorizing placement of the offender in confinement; the

93. date the offender is heard by the unit Disciplinary Hearing Officer; the

94. date the offender is released from confinement; and

95. a review by the warden within 72 hours of the offender's placement into confinement, including weekends and holidays.

96. Plaintiff received the written request back with the response from Ms. Williams as: There is no records found

97. Warden Muniz has a statutory and ministerial duty to ensure theses above said forms and or records are completed and maintained and truthfully submitted.

98. Plaintiff was in solitaire confinement for 5 days. From July 27, 2018 to July 31, 2018

99. As a direct and legal result of the foregoing, Plaintiff sustained great mefa mental and emotional pain and suffering the effects of humiliation, all to his general damages in sum which will be proven at trial.

100. Defendant Warde Muniz knowingly, willfully and intentionally, motivated by malicious intent

101. did in fact did not fillout theses above said forms and or records as required.

102. The actions of Warden Muniz were reckless and grossly negligent and or intentionally caused Plaintiff damages according to proof at trial

103. The actions of Warden Muniz were motivated by evil motive or intent and involved reckless and callous indifference to the federally protected rights of others entitling Plaintiff to punitive damages.

104. Plaintiff is informed and believes and on such grounds alleges that Sgt. Calderon and Warden Muniz, well-knowing that the accounts and reports of July 27, 2018 incident were incomplete and false, together conspired and agreed to punish Plaintiff for the use of or participation in the offender grievance procedure.

105. SEVEN CAUSE OF ACTION
     AGAINST DEFENDANT
     GINA D. QUAST
     FOR VOI VIOLATING PLAINTIFF'S RIGHTS
     NOT TO BE DEPRIVED OF HIS LIBERTY
     WITHOUT DUE PROCESS OF LAW
     FOURTH AND FOURTEENTH AMENDMENTS

106. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

19.

107. On August 1, 2018, Ms. Quast hostilely refused to accept Plaintiffs written offender statement, which Plaintiff

108. was entitled to submit into the TDCJ Disciplinary Report and Record form I-47MA, Futhermore

109. Plaintiff made a request for Ms. Quast to obtain but not limited to two exculpatory eye-witness statements and to obtain more exculpatory eye-witness statements from two register log books and or records

110. On August 4, 2018 Plaintiff mailed Ms. Quast a written request for her to obtain obtain several exculpatory eye-witness statements and two exculpatory register log books and or records and a list of 10 exculpatory eye-witness that Plaintiff request to be present at the Disciplinary Hearing to give testimonial of the accounts of July 27, 2018, Furthermore

111. these were not the only request in Plaintiff writen letter that was in a I-60 form to Ms. Quast

112. On August 6, 2018 at Plaintiff Disciplinary Hearing, Plaintiff did not have any eye witness or register log books and or records that would have been exculpatory evidence to Plaintiff.

113. Ms. Quast had a fiduciary, statutory and ministerial duty to be Plaintiff's compulsory means for obtaining witnesses and documents in his favor for his defence.

114. Plaintiff is informed and believes and on such grounds alleges that Ms. Quast recklessly and or intentionally and with malicious intent prepared a incomplete I-47MA Form or record to prevent Plaintiff from having a fair disciplinary process and or hearing.

115. Plaintiff is informed and believes and on such grounds alleges that defendants Sgt. Calderon and Sgt. Linder and Warden Muniz and Ms. Quast, well-knowing that the accounts and reports were incomplete and false, together

116. conspired and agreed not to obtain Plaintiffs above said requests for several exculpatory eye-witnesses and two exculpatory register log books and or records ~~and to~~

117. prevent Plaintiff from ~~doing so~~ having a fair disciplinary process and or hearing.

118. As a direct and legal result of the foregoing, Plaintiff suffered great mental and emotional pain and damages and suffered the humilaition effect of the above said intentional actions of the defendants.

21.

119. The actions of Ms. Quast were motivated by evil motive or intent and involved reckless and callous indifference to the federally protected rights of others entitling Plaintiff to punitive damages

120. EIGHTH CAUSE OF ACTION
   AGAINST DEFENDANT
   JACQUELINE BROWN
   FOR VIOLATING PLAINTIFF'S RIGHTS
   NOT TO BE DEPRIVED OF HIS LIBERTY
   WITHOUT DUE PROCESS OF LAW
   FOURTH AND FOURTEENTH AMENDMENTS

121. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

122. On August 6, 2018 before Plaintiff's disciplinary hearing audio tape recording began, Cpt. Brown along with Ms. Quast tried for 15 minutes or more to convince Plaintiff that there was no such things as respite register log book or "I C S" register log book and or records.

123. Plaintiff is informed and believes and on such grounds alleges that Cpt. Brown and Ms. Quast well-knowing that the accounts and reports of July 27, 2018 incident were incomplete and false, nevertheless conspired together and

124. agreed to, as a customary practice, to prevent Plaintiff and other offenders from entering the request for existing exculpatory evidence in to the audio tape recording record of the disciplinary hearing.

125. On August 6, 2018 at Plaintiff's disciplinary hearing, Cpt. Brown did in fact denied all Plaintiff's request for eye-witnesses to be present at the disciplinary hearing to give testimony of the accounts of July 27, 2018 incident.

126. Futhermore, Cpt. Brown did not document Plaintiff's requested witnesses or the her reason for the exclusion on the I-47MA form, as required.

127. Futhermore, Cpt. Brown intentionally did not document many required and pertinent information on the TDCJ Disciplinary Report and Hearing Record I-47MA form

128. Futhermore, Cpt. Brown intentionally made leading questions to Sgt. Calderon during the disciplinary hearing in order to rectify Sgt. Calderon obvious testimony contradiction

129. Futhermore, Cpt. Brown forced Plaintiff to sign the TDCJ Disciplinary Report and Hearing Record I-47MA from form, by threats of an "disobeying a direct order" disciplinary offense charge. against Plaintiff

130. Futhermore, On August 6, 2018 and August 10, 2018 and August 15, 2018 Plaintiff mailed Capt. Brown a written request; but not limited to, to listen to the Disciplinary Hearing audio tape recording.

131. Capt. Brown did not respond till August 20, 2018 at 11:23AM, which was about four hours after the deadline to file a written Disciplinary conviction appeal grievance and

132. Capt. Brown's ~~respo~~ written response was false

133. Plaintiff was entitle to; but not limited to, per TDCJ written policies to listen to the above said disciplinary hearing audio tape recording in order to help prepare a above said appeal

134. Plaintiff is informed and believes and on such grounds alleges that Capt. Brown recklessly and/or intentionally and with malicious intent prepared a incomplete and false TDCJ Disciplinary Report and Hearing Record (I-47 MA form) and

135. intentionally prevent Plaintiff from perfecting a disciplinary conviction appeal

136. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

137. Capt. Brown ~~found~~ declared Plaintiff guilty of the disciplinary charge of Refusing to obey orders offense code 24.0 and

138. assess Plaintiff punishment. Plaintiff's punishments are listed as;

139. no time credit for the 5 days of solitaire confinement

140. 45 days of restricted confinement

141. 45 days loss of commissary privileges

142. 45 days loss of phone privileges

143. Reduction of time earing class from S3 to S4

144. NINTH CAUSE OF ACTION
AGAINST DEFENDANTS
Zulema Calderon and Jacqueline Brown and James Linder Jr. and Donald Muniz and Gina D. Quast
FOR VIOLATING THE PLAINTIFF'S RIGHTS TO REDRESS THE GOVERNMENT OF GRIEVANCES (FIRST AMENDMENT)

145. Plaintiff restates and reiterates all of the foregoing paragraphs of this complaint as if set in full at this point.

146. Plaintiff is informed and believes and on such grounds alleges that Sgt. Calderon and Sgt. Linder and Warden Muniz and Ms. Quast and Capt. Brown, well knowing that the accounts and reports of Sgt. Calderon July 27, 2018 incident between Plaintiff and herself (Sgt. Calderon) were incomplete and false,

147. conspired together and agreed to, keep submitting incomplete and false records and or reports, to conceal the true accounts of July 27, 2018 incident between Plaintiff and Sgt. Calderon in order to punish Plaintiff

148. For exercising and participating in the TDCJ offender grievance procedure and or system and to

149. prevent Plaintiff from successfully appealing the disciplinary conviction and to

150. discourage Plaintiff from exercising and participating in the TDCJ offender grievance procedure and or system and to

151. discourage other offenders from exercising and participating in the TDCJ offender grievance procedure and or system.

152. As a direct and legal result of the foregoing, Plaintiff was hurt and injured in his ~~met~~ mental health

26.

153. The actions or inactions of defendant Sgt. Calderon and Sgt. Linder and Warden Muniz and Capt. Brown and Ms. Quast were reckless and grossly negligent and legally caused plaintiff damages according to proof at trial.

154. The actions or inactions of defendant Sgt. Calderon and Sgt. Linder and Warden Muniz and Capt. Brown and Ms. Quast were ~~reckless and~~ motivated by evil motive or intent and involved reckless and callous indifference to the federally and states protected rights of others entitling Plaintiff to punitive damages.

155. Plaintiff suffered mental and emotional pain and was deprived of his liberty for 50 day namely, but not limited to

156. If Plaintiff had not exercised and participated in the TDCJ offender grievance procedure and or system by filing 70 about grievance against namely the TDCJ staff at the O.L. Luther Unit, this above said reprisal of retaliation by defendants Sgt. Calderon and Sgt. Linder

157. and Warden Muniz and Capt. Brown and Ms. Quast would not have occurred.

27.

158. TENTH CAUSE OF ACTION
     AGAINST DEFENDANT
     LORIE DAVIS
     FOR VIOLATING THE PLAINTIFF'S RIGHTS
     TO BE FREE FROM CRUEL AND UNUSUAL
     PUNISHMENTS
     (EIGHTH AMENDMENT)

159. On July 5, 2018 Plaintiff filed a grievance #2018159397 against the use's of the Major's hallway being designated as a respite area for offenders seeking reprieve from the excessive heat in there living areas

160. The Major's Hallway is clearly a hot area, due to the fact it does not have air-conditioning

161. Plaintiff's grievance #2018159397 went unresolved, therefore defendant Dir. Davis has acted with deliberate indifferents to the cruel mistreatment of Plaintiff being placed in an area that's well known to be without air-conditioning and hot

162. Futhermore, defendant Dir. Davis has acted with deliberate indifferents to Plaintiffs medical health needs of reprieve from the excessive heat by not resolving

28.

163. the issue stated in the Plaintiffs grievance #2018159397

164. Defendant Dir. Davis has full knowledge that Plaintiff is very susceptible to heat illness due to the medication Plaintiff is taking (prescribed), and Plaintiff is on the TDCJ heat restriction offender roster

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff parys for judgment and request against defendants Sgt. Calderon and Sgt. Linder and Warden Muniz and Capt. Brown and Ms. Quast, and each of them, jointly and severally, as follows:

1. General damages according to proof.
2. Nominal damages of $1.00
3. Punitive damages of $200.00
4. Punitive damages of $300.00 against Sgt. Calderon
5. Costs of suit and reasonable Attorneys fees
6. Plaintiff request an order declaring that the defendants have acted in violation of the United States Constitution.
7. Plaintiff prays for all other relief to which he may be entitled at law or equity
8. Plaintiff prays for an injunction order declaring that the defendants stop using the Major's Hallway as a offender respite area.

29.

9. If monetary relief is granted and costs of suit and attorneys fees balances are satisfied and if there is still funds remaining, Plaintiff request the Honorable Court to have the defendants ordered to send the remaining monetary relief judgments and make the remaining monetary relief judgments to the non profit Human Rights Defense Center, P.O. Box 1151, Lake Worth, FL 33460 and send Plaint proof of payment.

WHEREFORE, Plaintiff prays for judgment against defendant Dir. Lorie Davis as follows:

1. Plaintiff request an order declaring that the defendant have acted in violation of the United States Constitution

2. Plaintiff prays for an injunction order declaring that the defendant stop using the O.L. Luther Units, Major's Hallway as a offender respite area.

3. Plaintiff prays for a order to remove the disciplinary case conviction #20180311023 from all TDCJ record and or files and the Texas Board of Pardons and Paroles records and or files and any other records and files that the Plaintiffs disciplinary case conviction #2018311023 has been sent and or filed and or recorded

30.

4. Plaintiff prays for a order to instruct defendant to place Plaintiff back into the proper "good conduct time" earning classification" that was removed from Plaintiff as a punishment of the said disciplinary case conviction

5. Plaintiff prays for a order to instruct defendant to restore all lossed "good conduct time" credits due to the said disciplinary case conviction.

Respectfully Submitted.

Signed this 1 day of February, 2019

_____
Adam Walker
Petitioner, Pro Se
TDCJ#1897234
O.L. Luther Unit
1800 Luther Drive
Navasota, TX 77868

I, Adam Wayne Walker TDCJ#1897234 do declare under penalty of perjury that the foregoing is true and correct.

Signed this 1 day of February, 2019

_____
Adam Walker, TDCJ#1897234
O.L. Luther Unit
1800 Luther Drive
Navasota, TX 77868



lene Hansen

ted States District Clerk

Casey US Courthouse

usk St, Rm 5401  77002

Box 61010

ton, TX 77208 - 1010

United States Courts
Southern District of Texas
F I L E D

FEB 08 2019

David J. Bradley, Clerk of Court

Legal

Mail

Adan Walker TDCJ#1897234
O.L. Luther Unit
1800 Luther Drive
Navasota, TX 77868

Darlene Hansen
United States Distri[ct]
Bob Casey US Courth[ouse]
515 Rusk St, Rm 5401 [7]
P.O. Box 61010
Houston, TX 77208-[1]